E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BRANDON E. MARTINEZ-JONES (Cal. Bar No. 318749)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7167
     Facsimile: (213) 894-0141
     Email:    brandon.martinez-jones@usdoj.gov

Attorneys for Respondent
BRYAN BIRKHOLZ, Warden

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO FAVELA-GOMEZ,<br><br>             Petitioner,<br><br>     v.<br><br>BRYAN BIRKHOLZ, WARDEN<br><br>             Respondent. | No. 2:23-cv-01773-MEMF-KES<br><br>RESPONDENT'S REPLY IN SUPPORT OF MOTION TO DISMISS PETITIONER'S WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; DECLARATION OF BRANDON E. MARTINEZ-JONES & EXHIBITS A THROUGH C THERETO; DECLARATION OF PAOLA CONTRERAS & EXHIBIT A THERETO |

Respondent Bryan Birkholz, Warden of the Federal Correctional Complex in Lompoc, California, by and through his counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Brandon E. Martinez-Jones, hereby files this Reply in Support of Respondent's Motion to Dismiss ("Motion"; see Dkt. 9) Petitioner Arturo Favela-Gomez's Petition for Writ of Habeas Corpus pursuant to 28. U.S.C. § 2241 ("Petition"; see Dkt. 1).

This Reply is based on the attached memorandum of points and authorities, the attached Declaration of Brandon E. Martinez-Jones and accompanying exhibits, the attached Declaration of Paola

1

1  Contreras and accompanying exhibit, the Order of the Court dated May
2  22, 2023, the files and records in this case, and such other
3  evidence or argument as the Court may permit.

Dated: June 2, 2023                Respectfully submitted,

                                       E. MARTIN ESTRADA
                                       United States Attorney

                                       MACK E. JENKINS
                                       Assistant United States Attorney
                                       Chief, Criminal Division

                                       _____/s/_____
                                       BRANDON E. MARTINEZ-JONES
                                       Assistant United States Attorney

                                       Attorneys for Respondent
                                       BRYAN BIRKHOLZ, Warden

**MEMORANDUM OF POINTS AND AUTHORITIES**

On May 22, 2023, the Court ordered Respondent to submit a Reply in support of his Motion to Dismiss ("Motion") pro se Petitioner Arturo Favela-Gomez's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") addressing the following questions: (1) what documents or evidence would Respondent and/or the Court rely on to find that Petitioner is ineligible for ETCs under 18 U.S.C. § 3632(d)(4)(E) and (D)(lxvii), and is any further factual development necessary to make those findings?; (2) if Petitioner is correct that he is entitled to FSA ETCs, does Respondent contest that he would be entitled to 365 days, or are additional computations necessary?; and (3) are there any other documents that Respondent contends demonstrate that a final order of removal was entered against Petitioner as of July 2018?  See Dkt. 13. Respondent addresses these questions here.

Petitioner's Opposition to Respondent's Motion (see Dkts. 11, 12) only illustrates the importance of the exhaustion requirement in the context of habeas challenges to the executions of custodial sentences.  Petitioner concedes that he has failed to satisfy that requirement and exposes the need for further fact-finding to resolve Petitioner's claim of entitled to First Step Act ("FSA") Earned Time Credits ("ETCs") -- fact-finding that the Bureau of Prisons ("BOP") can and should be allowed to complete in the first instance.  On that basis alone, the Petition should be dismissed.

**I.   Further Factual Development Is Necessary to Confirm That Petitioner Is Ineligible to Earn or Apply ETCs**

As Respondent previewed in his Motion, Petitioner is ineligible to earn FSA ETCs under 18 U.S.C. § 3632(d)(4)(D)(lxvii) because the

1

Court that sentenced him found that he "was an organizer, leader, manager, or supervisor of others" in the commission of a drug-distribution offense, and further ineligible to apply ETCs under 18 U.S.C. § 3632(d)(4)(E) because there is a final order of removal against him. See Motion at 6-7. As explained in further detail below, while Respondent can support this basic position through the documentation currently available to him, Respondent nonetheless needs additional documents to create a complete factual record.

For example, Respondent's position that Petitioner is ineligible to earn FSA ETCs under Section 3632(d)(4)(D)(lxvii) is based on the transcripts of Petitioner's December 2015 sentencing proceedings in the District of Kansas. See Declaration of Brandon E. Martinez-Jones ("Martinez-Jones Decl."), Exs. A, B. These transcripts reflect that the Court that sentenced Petitioner for his underlying conviction applied "a four-level enhancement for leader/organizer" when performing its calculations under the U.S. Sentencing Commission's Guidelines Manual and that Petitioner's counsel did not object to applying that enhancement. Id. Ex. B at 22-23, 7-8. This interpretation of the transcripts is supported by the Amended Presentence Investigation Report prepared in advance of Petitioner's sentencing; that report recommended that Petitioner receive a four-level enhancement for being an organizer or leader of a methamphetamine-distribution conspiracy. Id. Ex. C at 46. However, Respondent is also in the process of obtaining complete copies of the pre-sentence submissions filed by the government and Petitioner's counsel in the case, which Respondent expects will confirm that Petitioner did not object to the application of that enhancement. See id. ¶ 3.

Similarly, Respondent's position that Petitioner is ineligible to apply any earned FSA ETCs under Section 3632(d)(4)(E) is currently based on three primary pieces of evidence:

- The Department of Homeland Security ("DHS") Immigration Detainer dated December 13, 2016, and attached as Exhibit B to the Declaration of Yolanda Sanchez ("Sanchez Decl.") filed with Respondent's Motion.  This Detainer indicates that Petitioner is subject to a "final order of removal." Sanchez Decl. ¶ 5 & Ex. B.
- A separate DHS Immigration Detainer and attached as Exhibit A to the Declaration of Paola Contreras ("Contreras Decl.") filed herewith.  This Detainer indicates that "Deportation or removal from the United States has been ordered" as to Petitioner.  Contreras Decl. ¶ 3, Ex. A.
- A report generated by the publicly available Automated Case Information System operated by the U.S. Department of Justice's Executive Office for Immigration Review ("EOIR") reflecting that an Immigration Judge ordered Petitioner removed from the United States in January 2005 and that EOIR received no appeal from that order.  Martinez-Jones Decl. ¶ 4, Ex. D at 2.

Respondent anticipates that Petitioner's immigration records, including the 2005 order of removal referenced above, will confirm Petitioner's ineligibility to earn ETCs.  But because Petitioner did not fully exhaust his administrative remedies, Respondent was able to obtain a copy of those immigration records from DHS storage only shortly before filing this Reply on June 2, 2023.  Martinez-Jones

Decl. ¶ 5.  Because Respondent's review of those records is ongoing, and because they are likely to contain sensitive information that may require redaction and/or filing under seal, Respondent will file Petitioner's final order of removal and serve it on Petitioner in a forthcoming supplemental submission.  Id.

The incomplete state of the administrative record is the result of Petitioner's knowing and admitted failure to exhaust his administrative remedies.  See Motion at 6; see also Opposition at 1 (conceding that the "Petition Was Not Fully Exhausted").  Allowing administrative agencies the opportunity to compile the factual record and thereby prevent premature requests for judicial intervention -- such as the Petition here -- is one of the exhaustion requirement's core purposes.  See Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  This Court should not reward Petitioner's attempt to short-circuit this process.  See, e.g., Phares v. Bradley, 2021 WL 3578674, at *8 (C.D. Cal. Apr. 22, 2021), report and recommendation adopted, 2021 WL 5868125 (C.D. Cal. Dec. 8, 2021) ("Excusing Petitioner from seeking administrative review would improperly encourage the deliberate refusal to comply with the BOP's administrative review process." (citing Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)).  It should instead dismiss the Petition and allow BOP to run the facts underlying Petitioner's FSA claim to ground in the normal course.

Indeed, Petitioner's own Opposition confirms that the facts bearing on Petitioner's ineligibility to earn and apply ETCs are hotly disputed and that Petitioner's claims are thus unripe for judicial review.  As to his immigration record, Petitioner "disagrees with Respondent that there is a final Order of removal

4

against him," contending, among other things, that "no . . . deportation Order has been issued by an immigration judge [that] petitioner knows of"; that a "mere Notice of Removal Order issued by DHS" is not "a final deportation order" under Section 3632(d)(4)(E); that Petitioner "anticipates to challenge his removal"; and even that "Petitioner has not been seen by an immigration judge or been in the removal proceedings." Opposition at 4-5. As to his criminal sentencing, Petitioner further disputes that he is ineligible to earn ETCs under Section 3632(d)(4)(D)(lxvii), arguing that he was not a "king-pin[] whom others work for" or "a leader or supervisor of others"; that he "rather . . . supplied drugs to his co-defendants"; and that the "Presentence Report taken in his criminal case reached its conclusions based on assumptions" contrary to law. Opposition at 5. Far from showing that this is a case that "presents a pure question of law" and where "an administrative remedy" thus "serves no useful purpose," as Petitioner contends (Opposition at 3-4), Petitioner's arguments demonstrate that further factual development is necessary to resolve the Petition. This is thus "exactly the type of case in which exhaustion of administrative remedies should be required." Chua Han Mow v. United States, 730 F.2d 1308, 1313-14 (9th Cir. 1984) (affirming dismissal of habeas petition claiming entitlement to time-served credit because "[t]here ha[d] not been the development of a factual record which would enable this court to review the [BOP's] decision" and the petitioner "himself state[d] that there are disputed factual assertions" bearing on the issue).

Nor is this a case where further administrative factual development would be "futile," as Petitioner continues to assert.

5

Opposition at 1-3. As Respondent explained in his Motion (Motion at 7-8), through its Administrative Remedy Program, Respondent will complete the administrative record; explain the factual and legal reasons for his determination that Petitioner is ineligible to earn or apply FSA ETCs; and, if the complete record discloses that Petitioner's position is meritorious, correct any error in the execution of Petitioner's sentence. The incompleteness of the administrative record alone refutes Petitioner's baseless contention that "BOP has predetermined" the outcome of the Administrative Remedy Program here and that "no grievance procedure" could "change the position taken by the BOP." Opposition at 2-3. Respondent is continuing to compile and review the full administrative record precisely because it is necessary to verify whether Respondent's position on Petitioner's ineligibility to earn or apply ETCs is correct and, if it is not, permit Respondent to reverse course. The fact that Respondent has not applied the ETCs to which Petitioner claims entitlement and defends that position now in this Court does not show that administrative exhaustion is futile; it is instead the direct consequence of Petitioner's election to bypass the administrative-exhaustion requirement and litigate his claims for the first time in this Court rather than before the agency responsible for administering his sentence. The law of this circuit condemns just that kind of procedural chicanery. Laing, 370 F.3d at 1000 ("[T]he issue of whether relaxation of the requirement would encourage the deliberate bypass of the administrative scheme is a key consideration." (internal quotation marks omitted)).

//
//

**II. The Record Compiled to Date Reflects That Petitioner Has Earned Zero ETCs, Not 365 Days' Worth**

Contrary to his argument (see Opposition at 3), Petitioner is not entitled to earn, let alone apply, 365 days of FSA ETCs. Because, as Respondent has explained in Part I above, Petitioner's sentencing court found that he "was an organizer, leader, manager, or supervisor of others" in the commission of a drug-distribution offense, Petitioner is ineligible to earn FSA ETCs in the first place. See 18 U.S.C. § 3632(d)(4)(D)(lxvii) ("A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under . . . 21 U.S.C. 841(b)(1) . . . , if the sentencing court finds that the offender was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission" (emphasis added)). Thus, even were Petitioner not ineligible to apply any earned FSA ETCs because there is a final order of removal against him, see 18 U.S.C. § 3632(d)(4)(E) ("A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws . . . ." (emphasis added)), Petitioner nonetheless would not have earned any FSA ETCs to apply.

To be clear, Respondent does not dispute that, if Petitioner were eligible to both earn and apply FSA ETCs -- and he is not -- then Petitioner would have earned, and would be eligible to apply, 365 days of such ETCs. But the absence of any dispute over the quantity of ETCs to which Petitioner would hypothetically be entitled does not change the fact that further factual development

7

is necessary to resolve the antecedent, fact-bound question whether Petitioner is entitled to earn or apply ETCs at all. Although the evidence already available to Respondent supports his position on that question, Respondent is still in the process of compiling and reviewing the full administrative record, and Petitioner continues to dispute the underlying facts. It is thus not yet "feasible, much less appropriate, for this Court to attempt" to resolve the merits of the Petition.[1] Phares, 2021 WL 3578674, at *7.

### III. Respondent Only Recently Obtained Petitioner's Immigration Records and Is in the Process of Reviewing Them

Again, Respondent was only able to obtain a copy of Petitioner's immigration records shortly before filing this Reply and expects those records to confirm the date Petitioner was ordered removed.[2] Martinez-Jones Decl. ¶ 5. Based on a report from EOIR's

---

[1] Moreover, there is no merit to Petitioner's suggestion that exhaustion should be excused because, were 365 days of FSA ETCs applied to his sentence, "he would be eligible for release not later than September 21, 2023." Opposition at 3. Petitioner offers no evidence that BOP's Administrative Remedy Program will not run its course, and any error in the execution of Petitioner's sentence not be corrected, before that date. Nor does Petitioner offer any authority for the notion that a projected release date based on the hypothetical of a habeas petition prevailing can itself warrant excusing the administrative-exhaustion requirement -- particularly where, as here, the Petitioner consciously disregarded the exhaustion requirement to file an admittedly premature habeas petition.

[2] Paragraph 4(c) of the Sanchez Declaration submitted with Respondent's Motion stated that "Petitioner is not eligible to apply ETCs towards his federal sentence as he has a final order of removal issued against him as of July 2, 2018." Sanchez Decl. ¶ 4(c) (emphasis added). The phrase "as of July 2, 2018" was a reference to a second DHS Immigration Detainer imposed against Petitioner on that date (separate from the December 2016 detainer attached as Exhibit B to the Sanchez Declaration). A copy of that July 2, 2018, detainer is attached as Exhibit A to the Contreras Declaration, submitted herewith.

8

Automated Case Information System, Respondent anticipates these materials will confirm that Petitioner is "ineligible to apply" any earned FSA ETCs under Section 3632(d)(4)(E). Id., Ex. D at 2. As Respondent has explained, administrative exhaustion is necessary in part to permit Respondent to review these documents, complete the administrative record, and thereby complete the development of dispositive facts bearing on the merits of Petitioner's claims.

**IV. CONCLUSION**

For the foregoing reasons, and for those explained in Respondent's Motion, this Court should dismiss the Petition.