UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO FAVELZ-GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>B. BIRKHOLZ, Warden,<br><br>Respondent. | Case No. 2:23-cv-01773-MEMF-KES<br><br>REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This Report and Recommendation ("R&R") is submitted to the Honorable Maame Ewusi-Mensah Frimpong, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.

## INTRODUCTION

In 2015, after pleading guilty to multiple counts of distribution of methamphetamine, Arturo Favela-Gomez ("Petitioner"), was sentenced to 158 months (about 13 years) in federal prison and 5 years of supervised release. <u>United</u>

States v. Favela-Gomez, No. 5:13-cr-40075-001 (D. Kan. Dec. 28, 2015).[1]  In 2018, Congress enacted the First Step Act ("FSA"), which allows some prisoners to earn and apply earned time credits ("ETCs") to shorten their sentence.  Pub. L. No. 115-391, 132 Stat. 5194 (2018).

Petitioner, now a prisoner in the custody of the Federal Bureau of Prisons ("BOP), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, which challenges the BOP's failure to award him ETCs under the FSA.  ("Petition" at Dkt. 1.)[2]  Petitioner's current projected release date is September 21, 2024.  (Dkt. 9 at 12 ¶ 4(d).)  Petitioner contends that, if the BOP properly applied ETCs under the FSA to his sentence, he would be entitled to release a year earlier, on September 21, 2023.  (Pet. at 6.)

Respondent moved to dismiss the Petition on the grounds that Petitioner has not exhausted his administrative remedies.  (Dkt. 9 ("Motion").)  Petitioner admits that he has not exhausted those remedies, but he opposed the Motion on the grounds that exhaustion would be futile.  (Dkt. 11 ("Opp'n"); Pet. at 6-8.)[3]  At the Court's request (Dkt. 13), Respondent filed a reply brief addressing certain issues (Dkt. 14 ("Reply").)  Respondent also filed copies of documents from Petitioner's underlying criminal case, as well as documents related to his immigration status.

---

[1] The Court takes judicial notice of the documents filed in Petitioner's underlying criminal case.  See Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record … including documents on file in federal or state courts.").

[2] BOP's calculation of sentencing credit is an issue pertaining to the execution of a sentence that a habeas petitioner may challenge through a § 2241 petition in the custodial court.  See Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015).

[3] When citing to the parties' briefing, the Court uses the page numbers imposed by the Court's electronic filing system, which appear in blue at the top of filed documents.

(Dkt. 14, 19, 20.)

The Petition should be denied on the merits, and Respondent's motion to dismiss for lack of administrative exhaustion should be denied as moot. The documents from Petitioner's criminal case conclusively show that he is ineligible to receive ETCs due to the nature of his conviction and sentence. Because of this, requiring Petitioner to exhaust his administrative remedies with the BOP would be futile and would not serve any of the intended purposes of administrative exhaustion.

## II.
## BACKGROUND

### A. Prudential Exhaustion Requirement.

"In order to seek habeas relief under section 2241, . . . a petitioner must first, as a prudential matter, exhaust his or her available administrative remedies." Singh v. Napolitano, 649 F.3d 899, 900 (9th Cir. 2011) (internal quotation marks omitted). This exhaustion requirement serves several purposes. It "aid[s] judicial review by allowing the appropriate development of a factual record in an expert forum"; it "conserve[s] the court's time because of the possibility that the relief applied for may be granted at the administrative level"; and it "allow[s] the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983); see also Montes v. Thornburgh, 919 F.2d 531, 537 (9th Cir. 1990) (noting that courts may require exhaustion as a prudential matter where, e.g., "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision" and "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme").

However, the "exhaustion requirement is subject to waiver in § 2241 cases because it is not a 'jurisdictional prerequisite.'" Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citation omitted). "[E]xhaustion can be waived if pursuing

those [administrative] remedies would be futile." Id. at 1045; see also Green v. Carlson, 884 F.2d 1394, *2 (9th Cir. 1989) (table) (citing United Farm Workers v. Arizona Agricultural Employment Relations Bd., 669 F.2d 1249, 1253 (9th Cir. 1982)). Exhaustion may be futile "where the agency's position on the question at issue appears already set, and it is very likely what the result of recourse to administrative remedies would be…." El Rescate Legal Services, Inc. v. Executive Off. of Immigr. Review, 959 F.2d 742, 747 (9th Cir. 1991) (internal quotation marks omitted); see also Ward, 678 F.3d at 1045-46 (finding exhaustion would be futile because BOP's denial of relief was based on official BOP policy).

**B.   ETCs under the FSA.**

One court has summarized the main provisions and effects of the 2018 FSA as follows:

> The FSA … implemented a number of prison and sentencing reforms relating to, among other things, computation of time credits and the availability of early release. … In pertinent part, the FSA directed the United States Attorney General to "assign prisoners to appropriate evidence-based recidivism reduction programs" based on an individualized risk and needs assessment, and to offer incentives for completion of such programs, including time credits towards pre-release custody for eligible prisoners. 18 U.S.C. §§ 3621(h)(1), 3632. An eligible prisoner can earn 10 days (plus an additional five days if he meets the criteria for minimum or low risk of recidivism) of FSA time credits "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A); 28 C.F.R. § 523.42(c). Time credits earned under 18 U.S.C. § 3632(d)(4) "shall be applied toward time in prerelease custody or supervised release."

Alvarado v. Birkholz, No. 23-cv-00592-ODW-JDE, 2023 U.S. Dist. LEXIS 83207

at *2-3, 2023 WL 3354336 at *1 (C.D. Cal. Apr. 6, 2023), <u>R&R adopted</u>, 2023 U.S. Dist. LEXIS 82077, 2023 WL 3352130 (C.D. Cal. May 10, 2023).

However, the FSA excludes certain prisoners from earning or applying ETCs. <u>See generally</u> 18 U.S.C. § 3632(d)(4)(D)-(E). Two of those exclusions are relevant to this case.

First, a prisoner is "ineligible to receive" ETCs if (a) the prisoner was convicted of certain types of drug offenses related to the distribution or manufacturing of methamphetamine, and (b) the sentencing court found that the prisoner was "an organizer, leader, manager or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission." 18 U.S.C. § 3632(d)(4)(D)(lxvii).[4] United States Sentencing Guideline ("U.S.S.G.") § 3B1.1 authorizes a district court to increase a defendant's offense level "based on the defendant's role in the offense." U.S.S.G. § 3B1.1. "If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," the offense level is "increase[d] by 4 levels." U.S.S.G. § 3B1.1(a).

Second, a prisoner is "ineligible to apply" ETCs if the prisoner is "the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8

---

[4] The full text of 18 U.S.C. § 3632(d)(4)(D)(lxvii) states that prisoners convicted of the following offenses are excluded: "Subparagraph (A)(viii) or (B)(viii) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(H) or (2)(H) of section 1010(b) the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, or knowingly importing or exporting, a mixture of substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, if the sentencing court finds that the offender was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission."

U.S.C. 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E)(i).

## III.
## DISCUSSION

The Petition alleges that the BOP has not awarded Petitioner ETCs under the FSA "because of his status as a noncitizen and a detainer lodged against him by" ICE. (Pet. at 1.) Official BOP policy formerly denied ETCs to prisoners with "unresolved immigration status," such as those subject to ICE detainers. However, in February 2023, after multiple district courts found that policy inconsistent with the statutory language of § 3632(d)(4)(E)(i), the BOP changed its policy. The BOP now allows prisoners subject to ICE detainers to apply ETCs to their sentence. See Alvarado, 2023 U.S. Dist. LEXIS 83207 at *4, 2023 WL 3354336 at *2 (discussing changes to BOP Program Statement 5410.01 and dismissing habeas petition as moot); Alatorre v. Derr, No. 22-cv-00516, 2023 U.S. Dist. LEXIS 48873 at *9-11, 2023 WL 2599546 at *4 (D. Haw. Mar. 22, 2023) (same).

Consistent with this policy change, Respondent in this case denies that Petitioner is being denied ETCs because of an ICE detainer. Instead, Respondent asserts that Petitioner is ineligible to earn or apply ETCs because: "(1) there is a final order of removal against him, a point Petitioner concedes renders him ineligible"; and "(2) the Court that sentenced Petitioner found that he 'was an organizer, leader, manager, or supervisor of others' in the commission of a drug distribution offense, an independent ground for ineligibility under 18 U.S.C. § 3632(d)(4)(D)(lxvii)." (Mot. at 8-9.)

The Court does not need to reach the first issue—whether Petitioner is subject to a "final order of removal" as defined in § 3632(d)(4)(E)(i)—because the documents subject to judicial notice and documents that Respondent has filed in this case conclusively demonstrate that Petitioner is ineligible to receive ETCs under § 3632(d)(4)(D)(lxvii) due to the nature of his conviction and sentence.

According to the judgment entered in Petitioner's criminal case, he was

6

convicted of distribution of methamphetamine under 21 U.S.C. § 841(b)(1). United States v. Favela-Gomez, No. 5:13-cr-40075-001 (D. Kan. Dec. 28, 2015). This is one of the offenses listed in § 3632(d)(4)(D)(lxvii).

Furthermore, the documents in his criminal case show that "the sentencing court" found that he "was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission." 18 U.S.C. § 3632(d)(4)(D)(lxvii). The Presentence Investigation Report filed in Petitioner's criminal case recommended that Petitioner's offense level be increased by four levels under U.S.S.G. § 3B1.1(a), because Petitioner "was an organizer or leader of one or more people in a conspiracy that involved five or more participants or was otherwise extensive…." (Dkt. 16-1 at 47.)[5] Petitioner did not object to this recommendation—at the sentencing hearing on December 23, 2015, his counsel noted, "[W]e did not object to the four-level increase for adjustment that is for his role in the offense for the very simple reason that the evidence clearly showed that the finding was justified…." (Dkt. 14-3 at 8-9; see also id. at 23 (the prosecutor noted that the court was "apply[ing] a four-level enhancement for leader/organizer").)[6]

Petitioner does not appear to dispute that his sentence was enhanced on this basis. In his opposition to the motion, he argues:

> Petitioner was not a leader or supervisor of others, rather he supplied drugs to this co-defendants. The Presentence Report taken in his criminal case reached its conclusions based on assumptions, and clearly the Congress did not mean this level of the alleged leadership,

---

[5] Although the Court granted Respondent's motion to file the Presentence Investigation Report under seal (Dkt. 18), the small portion the Court quotes in this order does not contain confidential information.

[6] The sentencing hearing transcript for December 23, 2015 is Exhibit B to the Martinez-Jones Declaration.

rather king-pins whom others work for.

(Dkt. 11 at 5.) Whether or not the enhancement in U.S.S.G. § 3B1.1 was *properly* applied to Petitioner is beyond the scope of the current Petition. The record reveals that the enhancement *was* applied to Petitioner, which means that he is ineligible to receive ETCs under 18 U.S.C. § 3632(d)(4)(D)(lxvii).

Given this evidence, the Court finds that requiring Petitioner to exhaust his administrative remedies would be futile. The Court acknowledges that district courts usually require federal prisoners to administratively exhaust claims related to ETCs. However, this is because such inquiries can be fact-intensive and turn on matters in which the BOP has special expertise. See, e.g., Hinton v. Birkholz, No. 22-cv-07755-ODW-AFM, 2023 U.S. Dist. LEXIS 32112 at *5, 2023 WL 2224442 at *2 (C.D. Cal. Jan. 18, 2023) ("Petitioner's claim that he has participated in programming that qualifies for [ETCs] under the FSA falls particularly within the BOP's expertise and should first be raised before the agency before the federal court is asked to resolve it."), R&R adopted, 2023 U.S. Dist. LEXIS 31304, 2023 WL 2226778 (C.D. Cal. Feb. 24, 2023); Thompson v. Hendrix, No. 22-cv-00560, 2022 U.S. Dist. LEXIS 177214 at *5, 2022 WL 4549825 at *2 (D. Or. Sept. 29, 2022) (declining to waive exhaustion for ETC issues because they "involve[d] a fact-intensive analysis" of the petitioner's "crime of conviction, the exact programming in which he has participated during the relevant time period, and his specific recidivism risk reflected by the BOP's Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") score it ascribes to him during the relevant time period"). Such concerns are not present here, because the dispositive issue requires looking only at the statutory language and the sentencing documents from Petitioner's criminal case. In light of these documents, it is clear that any grievances filed by Petitioner "would unquestionably have been denied." Ward, 678 F.3d at 1046 (finding district court erred by dismissing habeas petition for lack of exhaustion, where exhaustion would be futile "[b]ecause of the existence of

official BOP policy").

## IV.
## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Court issue an Order: (1) approving and accepting this R&R, (2) denying the Petition on the merits, and (3) denying Respondent's motion to dismiss (Dkt. 9) as moot.

DATED: June 8, 2023        _____
                           KAREN E. SCOTT
                           United States Magistrate Judge

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals but are subject to the right of any party to timely file objections as provided in the Federal Rules of Civil Procedure and the instructions attached to this Report. This Report and any objections will be reviewed by the District Judge whose initials appear in the case docket number.