```
                    UNITED STATES DISTRICT COURT
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
                                      *
     ARTURO FAVELA-GOMEZ              *    Case No. 2:23-cv-01773-MEMF-KES
           -Petitioner-               *
                                      *
                                      *    HONORABLE MAGISTRATE JUDGE
              Vs.                     *           KAREN E. SCOTT
                                      *
     WARDEN, B. BIRKHOLZ              *           June 27,2023
           -Respondent-               *
                                      *
```

FILED CLERK, U.S. DISTRICT COURT JUL -3 2023 CENTRAL DISTRICT OF CALIFORNIA

### PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION TO DISMISS HIS PETITION

To begin with,...petitioner has not received a copy of the Report and Recommendation issued on June 8,2023. Petitioner --- received only one copy of the Court Order notifying him that a Report and Recommendation on his §2241 have been entered on June 8, 2023, and there was a due date of July 3,2023 to file any objections by for both parties. see attached Court Order. Petitioner is thus not aware whether the recommendation is to grant or dismiss his §2241 petition. However, petition is hereby respectfully submitting this objection assuming the recommendation was for dismissing his petition based upon a finding that the sentencing Court for him to a supervisor or leader of others in his current drug conviction. Assuming, in its reaching this conclusion, the Court appears to -- have relied upon the presentations of the government in the portion of the sentencing transcripts of petitioner. Specifically, the -- government presented that petitioner is ineligible for First Step Act Time Credits under 18 U.S.C.§3632(d)(4)(D)(lxvii), because the Court that sentenced him found that he was an organizer or leader

its worthy to note that petitioner Favela-Gomez is a non-English speaking individual. He doesn't understand or speak English at all. And he has very limited knowledge of the laws in the United States and the federal legal system. Petitioner is now acknowledging that his lawyer in the criminal case provided ineffective assistance of counsel for failure to object to misinformation or challenge the -- prosecutor (AUSA) Duston J. Slinkard's inaccurate statements that petitioner was a supervisor or leader. And instead, the counsel misled him to believe that it didn't have any effect on petitioner's -- final sentence. Furthermore, AUSA Slinkard's statement that," apply a four-level enhancement for leader/organizer, "(ECF 14-3, page 24)" does not, and should not present the sentencing Court's findings or the judge's words. And a Presentence Report is a mere recommendation made by a United States Probation Officer, and its not and it should not be a finding of the sentencing Court. In addition, under 18 U.S.C. §3632(d)(4)(D)(lxvii), an inmate is ineligible for FSA ETCs if the sentencing Court found that he is a supervisor. And as exhibited in the sentencing transcripts of petitioner, no where in the entire -- transcripts the sentencing judge (Court) mentioned, or indicated, or found petitioner as an organizer or supervisor required to make an inmate ineligible under §3632(d)(4)(D)(lxvii). The Court never stated or mentioned his role as leader, but found that individuals were purchasing drugs from petitioner and resale it in retail. see ¶ 2. Thus, it's just logic,...an individual cannot buy an item from you and at the same time resale that item for you. Petitioner has been consistent and informed this Court in the statement he made under

Oath that he was not a leader of anyone, but sold drugs to others. In fact, he apologized to the sentencing Court and admitted to selling drugs to others. see ECF 14-3, page 27 ("And I apologize for all the pain that I've caused ..." "I understand that I need to be punished for the sales of drugs that I did but I ask that you have clemency- that you have pity on me when you impose the sentence.").

Indeed, given the totality of the circumstances and the fact the sentencing Court did not declare, let alone mention, petitioner as a leader or supervisor during his sentencing hearing,..petitioner is, indeed, (and should be), eligible for First Step Act Time Credits.

## II
## FINAL DEPORTATION ORDER

Likewise, petitioner respectfully disagrees that there is a final -- deportation Order against him. Specifically, the government appears to be relying a stipulated Order of removal of petitioner entered by an immigration judge on January 20,2005 for his voluntary departure. Petitioner did request for a voluntary departure, of which the --- immigration judge granted and he moved back to Mexico in 2005. This is not the kind of a final deportation Order the Congress meant under 18 U.S.C.§3632(d)(4)(E). The Congress could have included a previous deportation Order in addition to a final deportation Order, but did not,...meaning §3632(d)(4)(E) applies only to a current or a new -- final deportation Order issued by an immigration Court. Thus, the government's attempt is to broaden the statute than what the --- Congress meant. Indeed, petitioner don't have a final deportation Order against him and thus he is eligible for First Step Act Credits.

4

## CONCLUSION

Indeed, petitioner has clearly established that the sentencing Court or judge did not find his role as a supervisor or organizer, but -- found several individuals were purchasing drugs that he provided them and reselling it at a retail level. see ECF 14-3, page 21. And as well, based upon the government's own exhibit, there is no current or new final deportation Order of petitioner, other than a previous Order of removal pursuant to petitioner's request for voluntary departure that was executed on January 20,2005, some eighteen years ago. As -- previously explained earlier, if Congress intended to include a --- previous removal Order in addition to a final deportation Order it could have done so, but did not do it,...meaning it meant a new or current final deportation Order against a noncitizen serving a federal sentence. In fact, a further review of the statute, the Congress --- included in a different subsection ineligibility of a noncitizen who is serving a sentence of reentry if the previous deportation was a -- result of an aggravated felony conviction. Thus, this further --- confirms the Congress's intent to be a new final deportation Order, and not a previous one. Indeed, the Congress knew that circumstances of a particular individual may change, for instance, there may have been no grounds to justify an individual's withholding of removal from the United States previously, however, since then circumstances have changed and the immigration Court reconsiders his case and grant him relief.

**WHEREFORE**, petitioner prays that the Court reconsider its report and recommendation, and issue a new report recommending his §2241 be **GRANTED** and immediate release from the BOP custody.

Respectfully Submitted

*Arturo Favela*

## CERTIFICATE OF SERVICE

I certify that a true copy of Petitioner's Objections to the Report and Recommendation to dismiss his petition has been served on June 27,2023, to Assistant United States Attorney Brandon E. Martinez-Jones at 312 North Spring Street Los Angeles, California 90012. I have also prepaid for the postage of this legal document.

 

June 27,2023
DATE

Respectfully Submitted

*Arturo Favela Gomez*
Arturo Favela-Gomez
#23521-031
USP Lompoc
3901 Klein Boulevard
Lompoc, CA 93436

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:ecfnef@cacd.uscourts.gov Message-Id:<35984575@cacd.uscourts.gov>Subject:Activity in Case 2:23-cv-01773-MEMF-KES Arturo Favela-Gomez v. B. Birkholz Notice of Report and Recommendation Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered on 6/8/2023 at 4:36 PM PDT and filed on 6/8/2023

| | |
|---|---|
| **Case Name:** | Arturo Favela-Gomez v. B. Birkholz |
| **Case Number:** | 2:23-cv-01773-MEMF-KES |
| **Filer:** | |
| **Document Number:** | 23 |

**Docket Text:**
NOTICE OF FILING REPORT AND RECOMMENDATION by Magistrate Judge Karen E. Scott. Objections to R&R due by 7/3/2023. (jdo)

**2:23-cv-01773-MEMF-KES Notice has been electronically mailed to:**
Brandon E. Martinez-Jones    brandon.martinez-jones@usdoj.gov
Assistant 2241-194 US Attorney LA-CV    caseview.ecf@usdoj.gov, usacac.habeas@usdoj.gov, usacac.civil@usdoj.gov

**2:23-cv-01773-MEMF-KES Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**
Arturo Favela-Gomez
REG. NO. 23521-031
USP LOMPOC
3901 KLEIN BOULEVARD
LOMPOC CA 93436
US

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| ARTURO FAVELA-GOMEZ | CASE NUMBER: |
|---|---|
| PETITIONER(S) | 2:23-cv-01773-MEMF-KES |
| v. | |
| B. BIRKHOLZ | |
| RESPONDENT(S) | NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

TO: All Parties of Record

You are hereby notified that the Magistrate Judge's Report and Recommendation has been filed on __June 8, 2023__.

Any party having Objections to the Report and Recommendation and/or order shall, not later than __July 3, 2023__, file and serve a written statement of Objections with points and authorities in support thereof before the Honorable __Magistrate Judge Karen E. Scott__. A party may respond to another party's Objections within 14 days after being served with a copy of the Objections.

Failure to object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of Objections and any Response thereto, or upon lapse of the time for filing Objections, the case will be submitted to the District Judge for disposition. Following entry of Judgment and/or order, all motions or other matters in the case will be considered and determined by the District Judge.

Parties are advised that, effective December 1, 2009, Rule 11 of the Rules Governing Section 2254 Cases was amended. Rule 11 now provides that in habeas corpus matters pursuant to 28 U.S.C. § 2254, the District Judge must issue or deny a Certificate of Appealability when a final order adverse to the applicant is entered. Parties may wish to take this Rule into consideration at the time they file any Objections to the report and recommendation.

The report and recommendation of a Magistrate Judge is not a final appealable order. A notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until entry of a judgment and/or order by the District Judge.

CLERK, UNITED STATES DISTRICT COURT

Dated: __June 8, 2023__          By: __/s/ Jazmin Dorado__
                                      Deputy Clerk



ARTURO FAVELA-GOMEZ
#23521-031
UNITED STATES PENITENTIARY
3901 KLEIN BOULEVARD
LOMPOC, CA 93436

23521-031
Office Of The Clerk
255 E Temple ST
Room 180
LOS Angeles, CA 90012
United States

LEGAL DOCUMENT

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

FCI LOMPOC
3600 GUARD ROAD
LOMPOC, CA 93436

DATE 6-29-23

The following letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened or inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer enclosed correspondence for forwarding to another address, please return the enclosed to the above address.