# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO FAVELA-GOMEZ,<br><br>              Petitioner,<br><br>   v.<br><br>B. BIRKHOLZ, Warden,<br><br>              Respondent. | Case No. 2:23-cv-01773-MEMF (KES)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. (Dkt. No. 22.) Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report found that Petitioner is ineligible for earned time credits ("ETCs") under the First Step Act because he was convicted of conspiracy to distribute and distribution of methamphetamine with an enhancement for his role as an organizer, leader, manager, or supervisor of others in the offense. (Dkt. No. 22 at 8.) Petitioner's Objections to the Report (Dkt. No. 24) do not warrant any change to the Magistrate Judge's findings or recommendation, for the following reasons.

Petitioner objects that he is a non-English speaking individual and that his counsel was ineffective for failing to object to the enhancement for being an organizer or leader in the drug offense. (Dkt. No. 24 at 2.) The record shows, however, that Petitioner was assisted with an interpreter at his sentencing hearing. (Dkt. No. 14-3 at 4.) Moreover, a claim of ineffective assistance of counsel is not properly brought in this proceeding under 28 U.S.C. § 2241. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) ("The customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255.").

Petitioner objects that the sentencing court did not actually find that he was an organizer or leader in the drug offense. (Dkt. No. 24 at 2.) To the contrary, the record shows that the sentencing court applied a four-level enhancement for Petitioner's role as a leader or organizer. (Dkt. No. 14-3 at 8-9, 23-24, 30.)

Petitioner objects that he was not rendered ineligible for ETCs due to his immigration status and, specifically, he denies that he subject to a final order of removal. (Dkt. No. 24 at 3-4.) The Report, however, found it unnecessary to reach this issue because the record was sufficient to establish that Petitioner was ineligible on the alternate ground of the nature of his conviction and sentence. (Dkt. No. 22 at 6.)

IT IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) the Petition is denied on the merits; and (3) Respondent's motion to dismiss (Dkt. No. 9) is denied as moot.

DATED: March 22, 2024

MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE